## Johnson v. Johnson

654

*Leonard J. Tripodi,* for plaintiff.
*Ronald D. Ashby,* for defendants.

WRIGHT, *J.,* August 2, 1985 — Following the issuance of a writ of execution on November 30, 1984, in the nature of a garnishment and the service of interrogatories addressed to the executrix of the estate, the executrix filed answers thereto asserting defendant-judgment debtor and a named beneficiary of the estate had no interest therein. This situation existed, not because there were insufficient assets, but because after service but prior to the filing of answers the beneficiary on December 10, 1984, filed a disclaimer of his $6,000 legacy. We are asked to declare the disclaimer filed in orphans' court to be a nullity.

Initially, although not raised by the parties we need to decide whether or not we have jurisdiction. For the reasons set forth we have resolved the question of jurisdiction in favor of retention.

In the Estate of Clark, 488 Pa. 1, 410 A.2d 796 (1980) and Sousa Estate, 14 D. & C. 3d 700 (1980), cited by the parties, the orphans' court initially decided the question of entitlement of the creditor.

In Posner v. Sheridan, 451 Pa. 51, 299 A.2d 309 (1973), also cited by the parties, the initial decision made by the Family Division of the Court of Common Pleas of Allegheny County, was vacated by the Supreme Court and remanded to the civil division.

None of the cases was actually decided on jurisdictional grounds, that is, is this the kind of matter that must initially be decided by the orphans' court division?

The holding in Posner v. Sheridan, supra, can be supported by a rationale of concurrent jurisdiction of both orphans' court and the civil division. 20 Pa.C.S. §712(3). See also Overbrook Heights v. Wilson, 333 Pa. 449, 5 A.2d 529 (1939). Defendants having appeared and litigated the issue, any objection as to proper division is waived.

On the merits, it would appear that Sousa Estate, 14 D. & C. 3d 700 (1980), is the only prior Pennsylvania decision on point.

Defendants contend Estate of Clark is not controlling since it was based upon renunciation of an interest and not a disclaimer pursuant to 20 Pa.C.S. §6201 et seq. This subchapter was enacted in 1976 after the orphans' court decision in Clark.

We hold as a matter of law limited to factual situations herein where a judgment debtor owes support that there is no distinction between disclaimers and renunciations. We note that the beneficiary filed a document in orphans' court titled "Renunciation and Disclaimer of Interest." Furthermore, the "Official Advisory Committee Comments" indicate "One purpose of Chapter 62 is to liberalize the property law requirements for disclaimer so that legitimate attempts to avoid taxes on unwanted gifts will not be frustrated by property law provisions that are stricter than those required for tax purposes."

The lien of the writ of garnishment attaches upon service upon the executor and can only be dissolved by a Court Order. Rule 3111(c) of the Rules of Civil Procedure. See also Comments to section 3111(b): 5.1 of Goodrich Amram 2d Procedural Rules Service with Forms.

We further hold that the lien·of the writ of garnishment is an "encumbrance" within the meaning of section 6206(a)(3) of the Decedents, Estates and Fiduciaries Act as amended.

We do not believe a person can effectively dissolve an attachment by filing a disclaimer. To hold that a filing can dissolve an attachment would lead to an absurd result. 1 Pa.C.S. § 1922. For a similar result see In Re Wilson, 298 N.Y. 398, 83 N.E. 2d 852 (1949), where the court of appeals held that renunciation after attachment by process was ineffective.

We therefore enter the following

## ORDER

And now, this August 2, 1985, upon consideration of the petition and briefs of the parties, there being no facts in dispute, it is ordered that the answers to the interrogatories are hereby stricken as legally inaccurate and judgment is entered against the garnishee, Eva Lou Winters Johnson, executrix of the estate of Edward L. Johnson, deceased in the amount of $6,000 together with such interest and/or costs as allowed by statute provided however that enforcement of this judgment shall be in accordance with the statutory provisions of the Decedents, Estates and Fiduciaries Act of 1972 as amended and further provided that judgment is entered only to the extent that a sum would have become payable, but for the disclaimer, as determined by the orphans' court and not to exceed $6,000 and such interest and costs as allowed by statute.

It is further ordered that the request of defendants for attorney's fees is hereby denied.